IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

**BARBARA THAXTON** and **ANGELA D. MAYES**, Individually, and on behalf of themselves and all other similarly situated current and former employees,
    Plaintiffs,

VS

**BOJANGLES' RESTAURANTS, INC.,**
a Delaware Corporation, and
**BOJANGLES', INC.,**
a Delaware Corporation,
    Defendants.

CASE NO. 1:17-cv-00269-TRM-CHS

FLSA Opt-In Collective Action
**JURY DEMANDED**

## ANSWER OF DEFENDANTS
## BOJANGLES' RESTAURANTS, INC. AND BOJANGLES', INC.

### ANSWER AND FIRST DEFENSE

Defendants Bojangles' Restaurants, Inc. ("BRI") and Bojangles', Inc. ("BI") (together "Defendants") answer the correspondingly numbered paragraphs of the Complaint as follows:

1.    Defendants admit that Plaintiffs Barbara Thaxton and Angela D. Mayes were employees of and performed job duties for BRI. Defendants deny the allegations of Paragraph 1 except as expressly admitted.

2.    Paragraph 2 is an introductory assertion that requires no response. To the extent a response is required, Defendants deny the allegations of Paragraph 2. Defendants expressly deny that there is a basis for a collective action under the Fair Labor Standards Act ("FLSA") or that Defendants owe overtime compensation to Plaintiffs or any other similarly situated current or former employees.

3.    Defendants deny the allegations of Paragraph 3.

4. Defendants deny the allegations of Paragraph 4. Defendants expressly deny that they are obligated to compensate Plaintiffs, or other similarly situated employees, for overtime hours.

5. The allegations of Paragraph 5 constitute legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations of Paragraph 5.

6. Defendants admit that Plaintiffs performed job duties at BRI's restaurants in this district, that BRI conducted business in this district, and that BRI administered certain policies and practices in this district. Defendants deny the allegations of Paragraph 6 except as expressly admitted.

7. The allegations of Paragraph 7 contain conclusory assertions that require no response. To the extent a response is required, Defendants deny the allegations of Paragraph 7. Defendants expressly deny that the individual Plaintiffs or other assistant unit directors are similarly situated or that they constitute a class.

8. Defendants admit that Plaintiff Barbara Thaxton performed job duties as an Assistant Unit Director for BRI at a Bojangles' restaurant in Hamilton County, Tennessee and that a document titled Consent is attached to the Complaint as Exhibit A. Defendants deny the allegations of Paragraph 8 except as expressly admitted.

9. Defendants admit that Plaintiff Angela D. Mayes performed job duties as an Assistant Unit Director for BRI at a Bojangles' restaurant in Hamilton County, Tennessee and that a document titled Consent is attached to the Complaint as Exhibit B. Defendants deny the allegations of Paragraph 9 except as expressly admitted.

10. Defendants admit the allegations of Paragraph 10.

11. Defendants admit that BI is a Delaware corporation with its principal executive office located at 9432 Southern Pine Blvd., Charlotte, North Carolina 28273-5553, that BI is the parent of BRI, and that BI can be served process through its registered agent: The Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Defendants deny the allegations of Paragraph 11 except as expressly admitted.

12. Defendants deny the allegations of Paragraph 12.

13. Defendants admit that BRI owns and operates Bojangles' restaurants, and that as of December 2015, BRI owned and operated Bojangles' restaurants in several states across the United States, including Tennessee, Alabama, Maryland, Georgia, South Carolina, and North Carolina. Defendants deny the allegations of Paragraph 13 except as expressly admitted.

14. Defendants admit that BRI operates restaurants that prepare and sell food and beverage items to customers. Defendants deny the allegations of Paragraph 14 except as expressly admitted.

15. Defendants admit that BRI was the employer of Plaintiffs within the meaning of 29 U.S.C. § 203(b). Defendants deny the allegations of Paragraph 15 except as expressly admitted.

16. Defendants admit that Plaintiffs were formerly employees of BRI and at some time were classified by BRI as assistant unit directors. Defendants deny the allegations of Paragraph 16 except as expressly admitted.

17. Defendants admit that BRI employed Plaintiffs and that BRI established and administered certain pay policies and practices, including pay classifications. Defendants deny the allegations of Paragraph 17 except as expressly admitted.

18. Defendants admit that BRI has had a policy and practice of establishing and administering certain pay practices for its assistant unit directors. Defendants deny the allegations of Paragraph 18 except as expressly admitted.

19. Defendants admit that Plaintiffs have been employees of BRI as defined by Section 203(e)(1) of the FLSA and worked for BRI within the territory of the United States at some time during the three years preceding the filing of this lawsuit. Defendants deny the allegations of Paragraph 19 except as expressly admitted.

20. Defendants deny the allegations of Paragraph 20.

21. Defendants admit that BRI has been subject to the pay requirements of the FLSA as an employer in interstate commerce. Defendants deny the allegations of Paragraph 21 except as expressly admitted.

22. Defendants admit that BRI employs in its restaurants individuals classified as assistant unit directors. Defendants deny the allegations of Paragraph 22 except as expressly admitted.

23. Defendants deny the allegations of Paragraph 23.

24. Defendants deny the allegations of Paragraph 24.

25. Defendants deny the allegations of Paragraph 25.

26. Defendants deny the allegations of Paragraph 26. Defendants expressly deny that BRI was obligated to compensate Plaintiffs at a rate of one and one-half times their regular rate of pay for all time worked in excess of 40 hours in individual work weeks.

27. Defendants deny the allegations of Paragraph 27.

28. Defendants deny the allegations of Paragraph 28.

29. Defendants deny the allegations of Paragraph 29.

30. Defendants deny the allegations of Paragraph 30.

31. Defendants deny the allegations of Paragraph 31.

32. Defendants deny the allegations of Paragraph 32.

33. Defendants deny the allegations of Paragraph 33.

34. Paragraph 34 contains assertions and legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations of Paragraph 34.

35. Defendants reallege their responses to Paragraphs 1-34 above and incorporate them herein by reference.

36. The allegations of Paragraph 36 constitute assertions that require no response. To the extent a response is required, Defendants deny the allegations of Paragraph 36. Defendants expressly deny the existence of a class or that Plaintiffs can establish the requirements of a collective action.

37. The allegations of Paragraph 37 constitute legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations of Paragraph 37.

38. Defendants deny the allegations of Paragraph 38.

39. Defendants admit that Plaintiffs worked for BRI at company-operated restaurant and were subject to certain operational, compensation, and timekeeping policies and practices of BRI. Defendants deny the allegations of Paragraph 39 except as expressly admitted.

40. Defendants deny the allegations of Paragraph 40.

41. Defendants deny the allegations of Paragraph 41.

42. Defendants deny the allegations of Paragraph 42.

43. Defendants deny the allegations of Paragraph 43.

44. Defendants reallege their responses to Paragraphs 1-43 above and incorporate them herein by reference.

45. Defendants admit that BRI has been and continues to be an employer engaged in interstate commerce within the meaning of the FLSA. Defendants deny the allegations of Paragraph 45 except as expressly admitted.

46. Defendants admit that BRI formerly employed Plaintiffs. Defendants deny the allegations of Paragraph 46 except as expressly admitted.

47. Defendants deny the allegations of Paragraph 47.

48. Defendants deny the allegations of Paragraph 48.

49. Defendants deny the allegations of Paragraph 49.

50. Defendants deny the allegations of Paragraph 50.

51. Defendants deny the allegations of Paragraph 51.

52. Defendants deny the allegations of Paragraph 52.

**SECOND DEFENSE**

Plaintiffs' claims asserting a collective action are barred because Plaintiffs cannot establish that they are similarly situated with one another or that there are other similarly situated individuals to whom the allegations of this action are applicable. Rather, Plaintiffs may assert only individual claims for relief, which Defendants deny.

**THIRD DEFENSE**

Plaintiffs' claims are barred because BRI has paid to Plaintiffs all wages and other compensation owed to them.

**FOURTH DEFENSE**

Plaintiffs' claims are barred by the applicable statute of limitations to the extent that any claimed wages accrued more than two years prior to the filing of this action, and Defendants alleged violations, which are denied, were not willful.

**FIFTH DEFENSE**

Plaintiffs' claim for liquidated damages is barred because at all times Defendants acted in good faith and had reasonable grounds for believing their alleged acts or omissions did not violate the FLSA.

**SIXTH DEFENSE**

Plaintiffs' claims are barred because the act or omission complained of was in good faith conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, or enforcement policy of the Wage and Hour Division of the U.S. Department of Labor.

**SEVENTH DEFENSE**

Plaintiffs' claims are barred by the doctrines of waiver, estoppel, laches and avoidable consequences.

**PRAYER FOR RELIEF**

Wherefore, Defendants BRI and BI pray the Court for the following relief.

1. That the Court deny Plaintiffs' request to designate this case as a collective action;

2. That the Court dismiss the Complaint with prejudice and that Plaintiffs have and recover nothing from Defendants;

3. That the Court tax the costs of this action, including reasonable attorneys' fees, against Plaintiffs; and

4. That the Court award Defendants any other relief deemed just and proper.

This 30th day of January, 2018.

          **MCKOON, WILLIAMS, ATCHLEY & STANLEY, PLLC**

          By: /s/ James R. McKoon
          James R. McKoon, BPR #009554
          633 Chestnut Street, Ste. 1500
          Chattanooga, TN 37450
          (423) 756-6400/fax: (423) 756-8600
          jmckoon@mwalawfirm.com

          and

          **ROBINSON, BRADSHAW & HINSON, P.A.**

          Charles E. Johnson
          Brian L. Church
          101 N. Tryon St., Suite 1900
          Charlotte, NC 28246
          Telephone: (704) 377-8354
          Facsimile: (704) 373-3954

          *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system as set forth in the electronic filing receipt or U.S. Mail as set forth below on this the 30th day of January, 2018. Parties may access this filing through the Court's electronic filing system.

          BY: s/ James R. McKoon
          McKoon, Williams, Atchley & Stanley, PLLC