IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:18-CV-00665-FDW-DCK

| | |
|---|---|
| BARBARA THAXTON, ANGELA MAYES, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ORDER ) |
| BOJANGLES', INC., BOJANGLES' RESTAURANTS, INCORPORATED, | ) ) ) ) ) |
| Defendants. | ) ) |

THIS MATTER is before the Court on Defendants' "Motion for Relief from Plaintiffs' Violations of Court-Supervised Notice Provisions and Opt-In Deadline." (Doc. No. 147). For the reasons stated below, Defendants' motion is GRANTED IN PART and DENIED IN PART.

**Background**

Plaintiffs brought this case as a collective action under the Fair Labor Standards Act ("FLSA"), alleging that Defendants' misclassified employees as exempt from overtime compensation in violation of the FLSA. (See generally Doc. No. 1). This lawsuit was originally brought in the Eastern District of Tennessee, but was transferred to this district on December 13, 2018. (Doc. No. 98). Prior to ordering the transfer of the case, Judge McDonough conditionally certified the class, (Doc. No. 67), and approved an email and physical mailing of notice to potential class plaintiffs. (Doc. No. 69). Judge McDonough denied Plaintiffs' request to notice potential Plaintiffs through other means, such as by posting notice on bulletin boards in the workplace or distributing notices with paycheck stubs. Id. at 9–10. The physical and email notices to potential class members were sent sometime in November 2018.

On or about January 14, 2019, a legal assistant at Plaintiffs' counsel's law firm sent at least 1,074 unauthorized follow up emails to potential class members. (Doc. No. 147, p. 2). These emails were marked as "high importance," attached the court-approved notice and opt-in form, and reminded the recipients to "return ASAP as there are strict deadlines to adhere to!" (Doc. No. 148-2, p. 3). Plaintiffs' counsel does not dispute that the emails were sent out and acknowledges that the emails were unauthorized by the Court. (See Doc. No. 149, p. 3). Following the unauthorized solicitation, Plaintiffs filed at least 108 opt-in notices, (Doc. No. 148, p. 6), though it is unclear whether these opt-ins were a result of the unauthorized email.

Defendant subsequently filed the present motion, informing the Court of the violations of the court-approved notice process and seeking the following relief: 1) a variety of certifications and productions by Plaintiffs regarding the unauthorized solicitations; 2) 100 hours of additional deposition time for Defendants to examine the class Plaintiffs who enrolled after the unauthorized solicitations; 3) reservation of Defendants' right to move to strike opt-in plaintiffs who enrolled after January 14, 2019; and 4) costs and fees incurred in making the motion. (Doc. No. 147, p. 3). Plaintiffs have responded to the motion, (Doc. No. 149), Defendants have replied, (Doc. No. 150), and this matter is now ripe for review.

## **Legal Standard**

The Fair Labor Standards Act ("FLSA") allows similarly situated employees to collectively sue an employer for unpaid minimum wages or overtime compensation. 29 U.S.C. § 216(b). Potential plaintiffs must consent in writing to participate in a collective action. See id. ("No employee shall be a party plaintiff . . . unless he gives his consent in writing to become such a party and such consent is filed in the court in which the action is brought."). This opt-in process is designed to "balance employees' interest in pooling resources to bring collective actions and

employers' interest in reducing baseless lawsuits." <u>Degidio v. Crazy Horse Saloon & Restaurant Inc.</u>, 880 F.3d 135, 143–44 (4th Cir. 2018). To maintain this balance, it is well settled law that district courts have the authority to supervise notice and communications with purported class members to ensure that "potential plaintiffs are not misled about the consequences of joining a class." <u>Id.</u>; <u>see also</u> <u>Hoffman-La Roche Inc. v. Sperling</u>, 493 U.S. 165, 171 (1989) ("[T]rial court involvement in the notice process is inevitable in cases with numerous plaintiffs where written consent is required by statute . . . .").

## **Analysis**

In the present case, it is undisputed that Plaintiffs' counsel sent unauthorized notices to potential plaintiffs—thus, the only issue before the Court is to fashion an appropriate remedy. The Court will now address each of Defendants' requests for relief in turn.

*A. Additional Disclosures*

Defendants first request a series of disclosures and certifications from Plaintiffs' counsel: 1) sworn certification that Plaintiffs have disclosed all unauthorized communications initiated by their counsel or those working on their behalf; 2) production of all responsive communications by and to the potential plaintiffs in connection with the unauthorized communications; and 3) identification of all individuals who opted into the class after the unauthorized communication. In light of Plaintiffs' counsel's mistake, the Court finds these requests warranted, and hereby GRANTS Defendants' motion as to this requested relief. **<u>Plaintiffs' counsel is hereby ORDERED to produce such communications and certifications and to file a certificate of compliance with the Court within 30 days of this order's entry.</u>**

*B. Defendants' Request for Additional Discovery*

Defendants also request 100 additional hours of deposition time to examine the additional 108 class members who opted into the lawsuit following the unauthorized solicitation. According to the Court's Pretrial Order and Case Management Plan, each party could conduct up to 50 hours of oral depositions for the entire case. (Doc. No. 126). Defendants now seek to triple their total allotment of oral depositions, with 100 of those hours focused solely on the 108 opt-in class members who opted-in to the lawsuit following the unauthorized emails. Defendants' requested relief threatens to derail the central focus of discovery in this matter—distracting the inquiry from whether all opt-in plaintiffs are "similarly situated" as members of a class to focus on a largely technical inquiry into which of the two mailings prompted certain opt-in plaintiffs to join the lawsuit. The Court finds that this requested relief is disproportional to the needs of the case and declines to alter the discovery limits in this matter. Defendants' motion for relief is therefore DENIED as to any additional discovery.

*C. Opt-in Deadline*

Parties currently dispute the correct opt-in deadline. Defendants contend that Judge McDonough set a seventy-five (75) day notice period that ran from November 14, 2018, the day that the final language of the email and written notices were approved. (Doc. No. 148, p. 7–8). Defendants argue that the final opt-in deadline was January 28, 2019, as set by the Court in its earlier case management order, and suggests that any late opt-ins should be dismissed from the case. (See Doc. No. 148, p. 8). To the contrary, Plaintiffs argue that the notice period began upon the actual mailing of the notice rather than the entry of the order, which would result in an opt-in deadline of February 2, 2019. (Doc. No. 149, p. 13). Plaintiffs contend that they mistakenly agreed

to a January 28 opt-in deadline at the initial attorney conference, but that the notices sent to the potential class members set February 2, 2019 as the opt-in deadline. (Doc. No. 149, p. 13).

The Court notes that while Judge McDonough's order was vague as to the date that began the opt-in process, parties agreed to set the opt-in deadline as January 28, 2019 in a joint filing to the Court. (See Doc. No. 118, p. 1 ("The opt-in period is ongoing and will expire on January 28, 2019.")). The Court, relying upon this joint filing by parties, then set the opt-in deadline as January 28, 2019. (Doc. No. 126). Therefore, any opt-in notices filed after January 28, 2019 are technically late; however, in this case, the Court will nonetheless accept the late opt-in notices.

When determining whether to accept late opt-ins to a collective action, courts typically consider the following factors: (1) whether good cause exists for the late submissions; (2) prejudice to the defendant; (3) the degree of lateness; (4) judicial economy; and (5) the remedial purposes of the FLSA. See Ruggles v. Wellpoint, Inc., 687 F. Supp. 2d 30, 37 (N.D.N.Y. 2009). Here, given that the actual notices mailed to potential class members specified February 2, 2019 as the opt-in deadline, the Court finds good cause to accept any opt-ins postmarked by February 2, 2019. While Plaintiffs' counsel mistakenly agreed to an earlier deadline after sending out a mailing with the February 2 deadline, the Court does not find it proper to hold such a mistake against the individual opt-in Plaintiffs. The Court hereby DENIES Defendants' request to strike opt-in plaintiffs who joined the suit after January 28, 2019. This ruling does not affect Defendants' rights to separately move to strike as untimely any class members whose opt-in notices were postmarked after February 2, 2019, or Defendants' rights to move to strike class members on substantive grounds.

*D. Costs and Fees*

The Court does find it appropriate to award costs and fees of making the present motion to Defendants. Plaintiffs' counsel clearly violated the Court's order regarding notice procedures by

sending out an unauthorized and poorly worded reminder email to over one thousand potential class members. Furthermore, Plaintiffs' counsel cannot rely on the defense that the unauthorized email was sent by a legal assistant rather than an attorney. (Doc. No. 149, p. 1). According to the North Carolina Rules of Professional Conduct, lawyers having direct supervisory authority over nonlawyers must make "reasonable efforts to ensure that the nonlawyer's conduct is compatible with the professional obligations of the lawyer." N.C. R. Prof'l Resp. 5.3(b). Here, where there was a court order mandating the limits and bounds of the notice procedure, it was counsel's responsibility to ensure that any nonlawyers assisting them understood and comported with the Court's orders. Thus, the Court finds it appropriate to award to Defendants the reasonable costs and fees associated with filing the present motion for relief. **<u>Defendants' counsel is DIRECTED to file a motion for attorney fees and a detailed accounting of the fees sought within 30 days of this order's entry.</u>** The Court will then determine if the fees sought are reasonable and may determine if any additional sanctions are warranted for Plaintiffs' counsel's negligence at a later date.

## <u>CONCLUSION</u>

For the reasons stated above, Defendants' Motion for Relief, (Doc. No. 147), is GRANTED IN PART and DENIED IN PART. Plaintiffs' counsel will have 30 days to make appropriate disclosures and file a certificate of compliance with the Court. Defendants' counsel may file a motion for attorney fees and costs within 30 days of this order's entry.

IT IS SO ORDERED.

Signed: May 14, 2019

Frank D. Whitney
Chief United States District Judge