# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
### Civil Action No.: 3:18-CV-00665-FDW-DCK

| | |
|---|---|
| **BARBARA THAXTON AND ANGELA D. MAYES, Individually and on behalf of themselves and all other similarly situated current and former employees,**<br><br>Plaintiffs,<br><br>v.<br><br>**BOJANGLES' RESTAURANTS, INC., a Delaware Corporation, and BOJANGLES', INC., a Delaware Corporation,**<br><br>Defendants. | **JOINT MOTION FOR SETTLEMENT APPROVAL** |

Plaintiffs Barbara Thaxton and Angela D. Mayes, on behalf of themselves and others similarly situated ("Plaintiffs"), and Defendants Bojangles' Restaurants, Inc. and Bojangles' Inc. ("Defendants," and collectively with Plaintiffs, the "Parties"), by their undersigned counsel, jointly move that this Court approve the Parties' proposed settlement of this action. In the action, Plaintiffs assert claims for alleged unpaid wages under the Fair Labor Standards Act, 29 U.S.C. § 216(b) (the "FLSA"). The Parties respectfully submit that the terms of the settlement are fair, reasonable and resolve a *bona fide* dispute between the Parties regarding liability and damages.

In support of this Motion, the Parties state:

1. On September 2, 2017, Plaintiffs Thaxton and Mayes filed a putative opt-in collective action in the Eastern District of Tennessee against Defendants Bojangles' Restaurants, Inc. and Bojangles', Inc. ("Defendants") on behalf of themselves and others similarly situated

alleging that they and other Assistant Unit Directors, as former or current employees, were misclassified as exempt under the FLSA (the "Action").

2. On October 31, 2018, the District Court for the Eastern District of Tennessee entered an order conditionally certifying a collective action consisting of current and former employees who were misclassified as exempt Assistant Unit Directors at Defendants' restaurants located in the United States during the three years preceding the order.

3. On December 13, 2018, the District Court for the Eastern District of Tennessee transferred the Action to the Western District of North Carolina.

4. The parties conducted extensive discovery, which included the completion and return of nearly 400 opt-in Plaintiff questionnaires, Defendants' responses to more than 300 sets of interrogatories and production of more than 35,000 pages of documents, and the depositions of 35 witnesses.

5. Counsel for the Parties vigorously pursued their positions and the rights of their clients through extended legal and factual analysis, discovery, and informal exchanges of information, and have engaged in good faith, arms-length negotiations regarding settlement, including a mediation with Carl Horn III as mediator.

6. Following mediation on September 13, 2019, the Parties agreed to the specific terms by which they would settle all claims in the Action and executed a document memorializing their agreement (the "Settlement Agreement" or the "Agreement"). A copy of the executed Settlement Agreement is attached to this Motion as Exhibit A.

7. The Agreement provides that Defendants will pay One Hundred Ninety Thousand Dollars ($190,000) to the 385 Eligible Opt-In Plaintiffs, which amount will be allocated based on factors including: (1) his/her dates of employment; (2) his/or her "regular rate" of pay calculated

2

based on salary information from Defendants' records; (3) the hours that he/she reported working during the relevant time period; and (4) his/her service in this Action, if any.

8. The Agreement provides further that Defendants will pay One Hundred Twenty Thousand Dollars ($120,000) to Plaintiffs' counsel for attorneys' fees and settlement administration, and an additional Sixty-Five Thousand Dollars ($65,000) for costs. The Parties acknowledge that these payments are reasonable in view of the expenses and fees incurred by Plaintiffs' counsel in preparing and filing the complaint, responding to written discovery requests, and defending Plaintiffs' depositions. The Parties also note that the amount to be paid in attorneys' fees, settlement administration, and costs is less than the compensation to be paid to the Eligible Opt-In Plaintiffs.

9. The Settlement Agreement fully reflects a *bona fide* compromise between the Parties. Defendants have denied and continue to deny each of the claims and contentions alleged by all Plaintiffs in this Action, deny any wrongdoing or legal liability arising out of or related to any of the facts or conduct alleged in this Action, believe that they have valid defenses to Plaintiffs' claims, contend that all of their employees have been compensated in compliance with the law, and contend that Plaintiffs' claims are not appropriate for certification as a collective action. The Parties nevertheless desire to avoid the expense, burden, diversion and risk of protracted litigation as to all Plaintiffs and wish to put to rest and fully and finally settle the Action and all controversies between the Eligible Opt-In Plaintiffs and Defendants relating to wage and hour matters.

10. The Agreement is fair and reasonable when judged in light of the following factors deemed relevant by the courts in approving FLSA settlements: (1) the extent of discovery that has taken place; (2) the stage of the proceedings; (3) the absence of fraud or

3

collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object, and; and (6) the probability of plaintiff's success on the merits and the amount of the settlement in relation to the potential recovery. *Blaney v. Charlotte-Mecklenburg Hosp. Auth.*, No. 3:10-CV-592, 2012 WL 13012965, at *1 (W.D.N.C. Aug. 14, 2012).

    11.    With respect to the factors enumerated above:

(1) The parties engaged in extensive discovery, as described in detail above;

(2) The Court's deadline for completing discovery expired only ten days after the Parties reached the proposed settlement, and the Parties acknowledge that settlement presents a better outcome than continuing to engage in expensive, protracted litigation with risks to both Parties;

(3) There is no fraud or collusion in the settlement;

(4) Plaintiffs' counsel has more than 30 years' experience practicing law and regularly represents employees asserting claims under the FLSA;

(5) Counsel for Plaintiffs and Defendants have concluded, based on their investigation, and taking into account the contested factual and legal issues involved, the expense and time necessary to prosecute the Action through trial, the risks and costs of further prosecution of the Action, the uncertainties of complex litigation, the *bona fide* disputes over FLSA coverage of Plaintiffs' claims, and the substantial benefits to be received pursuant to the Agreement, that a settlement on the terms set forth in the Agreement is fair, reasonable, and adequate, and is in the best interest of all Parties; and

(6) The proposed settlement reflects that Plaintiffs' claims for unpaid overtime compensation have a limited potential recovery because of their length of service and hours worked and further reflects Defendants' contention that Plaintiffs' claims are not appropriate for certification as a collective action due to dissimilarities among class members' working experiences at Defendants' restaurants that may impair their likelihood of success.[1]

12. Should the Court approve the Settlement Agreement, the Parties will enter a Stipulation of Dismissal with Prejudice of this Action, pursuant to the terms of, and as required by, the Settlement Agreement.

**WHEREFORE,** Plaintiffs Barbara Thaxton and Angela D. Mayes, on behalf of themselves and others similarly situated, and Defendants Bojangles' Restaurants, Inc. and Bojangles' Inc. jointly move that this Court review their proposed Settlement Agreement and enter an Order approving the Agreement.

This 7th day of October, 2019.

| | |
|---|---|
| /s/ J. Russ Bryant | /s/ Charles E. Johnson |
| Gordon E. Jackson* (TN BPR #08323) | Charles E. Johnson |
| James L. Holt, Jr.* (TN BPR #012123) | N.C. Bar No. 9890 |
| J. Russ Bryant* (TN BPR #33830) | cejohnson@robinsonbradshaw.com |
| Paula R. Jackson* (TN BPR #20149) | Brian L. Church |
| Robert E. Turner, IV* (TN BPR #35364) | N.C. Bar No. 39581 |
| Nathaniel A. Bishop* (TN BPR #35944) | bchurch@robinsonbradshaw.com |
| | Gabriel J. Wright |
| JACKSON SHIELDS YEISER & HOLT | N.C. Bar No. 52472 |
| Attorneys at Law | gwright@robinsonbradshaw.com |
| 262 German Oak Drive | |
| Memphis, Tennessee 38018 | ROBINSON, BRADSHAW & HINSON, P.A. |
| Tel: (901) 754-8001 | 101 N. Tryon St., Ste. 1900 |
| Fax: (901) 759-1745 | Charlotte, North Carolina 28246 |

---

[1] Relevant facts and contentions of the Parties are described more particularly in a supporting brief, filed simultaneously herewith, and Plaintiffs' Motion for Conditional Certification (E.D.Tenn. Case No. 1:17−cv−00269−TRM−CHS, *Dkt*. 40 (May 1, 2018)) and Defendants' Opposition thereto (E.D.Tenn. Case No. 1:17−cv−00269−TRM−CHS, *Dkt*. 62 (August 3, 2018)).

| | |
|---|---|
| *gjackson@jsyc.com* | Telephone: 704.377.2536 |
| *jholt@jsyc.com* | Facsimile: 704.378.4000 |
| *rbryant@jsyc.com* | |
| *pjackson@jsyc.com* | *Attorneys for Defendants* |
| *rturner@jsyc.com* | |
| *nbishop@jsyc.com* | |

*\* Admitted Pro Hac Vice*

&

Philip J. Gibbons, Jr.
GIBBONS, LEIS, PLLC
14045 Ballantyne Corporate Pl. #325
Charlotte, NC 28277
phil@gibbonsleis.com

*Attorneys for Plaintiffs*