# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:18-CV-00665-FDW-DCK**

| | |
|---|---|
| **BARBARA THAXTON AND ANGELA D. MAYES, Individually and on behalf of themselves and all other similarly situated current and former employees,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**BOJANGLES' RESTAURANTS, INC., a Delaware Corporation, and BOJANGLES', INC., a Delaware Corporation,**<br><br>**Defendants.** | **SETTLEMENT AGREEMENT** |

Subject to the approval of the United States District Court for the Western District of North Carolina, and pursuant to 29 U.S.C. § 216(b) of the federal Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), the Parties (as defined in Section 1.H, *infra*), by and through their counsel, hereby agree to the following settlement of the claims of the Eligible Opt-In Plaintiffs (as defined in Section 1.E, *infra)*.

## RECITALS

WHEREAS, on September 2, 2017, Plaintiffs Barbara Thaxton and Angela D. Mayes filed a putative opt-in collective action in the Eastern District of Tennessee against Defendants Bojangles' Restaurants, Inc. and Bojangles', Inc. ("Defendants") on behalf of themselves and others similarly situated (the "Action") alleging that they and other Assistant Unit Directors, as former or current employees, were misclassified as exempt under the FLSA;

WHEREAS, on October 31, 2018, the District Court for the Eastern District of Tennessee entered an order conditionally certifying a collective action consisting of current and former employees who were misclassified as exempt Assistant Unit Directors at Defendants' restaurants located in the United States during the three years preceding the order;

WHEREAS, on December 13, 2018, the District Court for the Eastern District of Tennessee transferred the Action to the Western District of North Carolina;

WHEREAS, the parties conducted discovery, which included the completion and return of nearly 400 opt-in Plaintiff questionnaires, Defendants' service of responses to more than 300 sets of interrogatories and production of more than 35,000 pages of documents, and the depositions of 35 witnesses;

WHEREAS, counsel for the Parties vigorously pursued their positions and the rights of their clients through extended legal and factual analysis, discovery, and informal exchanges of information, and have engaged in good faith, arms-length negotiations regarding settlement, including a mediation with Carl Horn III as mediator;

WHEREAS, Defendants have denied and continue to deny each of the claims and contentions alleged by all Plaintiffs (as defined in Section 1.G, *infra*) in this Action, deny any wrongdoing or legal liability arising out of or related to any of the facts or conduct alleged in this Action, believe that they have valid defenses to Plaintiffs' claims, contend that all of their employees have been compensated in compliance with the law, and contend that Plaintiffs' claims are not appropriate for certification as a collective action; and

WHEREAS, the Parties desire to avoid the expense, burden, diversion and risk of protracted litigation as to all Plaintiffs and wish to put to rest and fully and finally settle the Action

and all controversies between the Eligible Opt-In Plaintiffs and Defendants relating to wage and hour matters;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED among the Parties, by and through their respective attorneys of record, subject to the approval of the Court, that the Action shall be compromised, settled, and released, upon and subject to the fol1owing terms and conditions:

## 1.   <u>DEFINITIONS</u>

For purposes of this Settlement Agreement, the following definitions shall apply:

A.      "Action" shall mean and refer to the action titled *Barbara Thaxton, et al. v. Bojangles' Restaurants, Inc.*, Case No. 3:18-cv-00665-FDW-DCK, pending in the United States District Court for the Western District of North Carolina.

B.       "Named Plaintiffs" shall mean, refer to and consist of Barbara Thaxton and Angela Mayes.

C.      "Opt-In Plaintiffs" shall mean, refer to and consist of the individuals who filed consents to opt-in between September 26, 2017 and February 6, 2019 and who were not dismissed by the Court's June 20, 2019 order dismissing the unresponsive opt-in Plaintiffs (*Dkt*. 171).

D.      "Settlement Opt-in Plaintiffs" shall mean, refer to and consist of Paul Rodarte, Ricky Alan Hannon, and Angela Fuller, each of whom was eligible to opt into the Action and has filed or asserted individual FLSA claims, and whose claims will be included in, and settled by, this Settlement Agreement.

E.      "Eligible Opt-In Plaintiffs" shall mean, refer to and consist of 385 individuals, including the Named Plaintiffs, the Settlement Opt-in Plaintiffs, and 380 of the Opt-In Plaintiffs, each of whom was actually employed in the relevant position during the relevant time period by

Bojangles' Restaurants, Inc..  The names of Eligible Opt-In Plaintiffs are listed in Exhibit A hereto.

F.     "Ineligible Opt-In Plaintiffs" shall mean, refer to and consist of the 12 Opt-In Plaintiffs who Defendants have shown are not properly included within the definition of the Collective approved by the Court, who are identified in Exhibit B hereto.

G.     "Plaintiffs" shall mean, refer to and consist of the Named Plaintiffs, Opt-In Plaintiffs, and Settlement Opt-In Plaintiffs, together.

H.     "Parties" shall mean, refer to and consist of the Plaintiffs and the Defendants, collectively.

I.     "Hannon Action" shall mean and refer to the action titled *Ricky Alan Hannon v. Bojangles' Restaurants, Inc. and Bojangles', Inc.*, 0:19-cv-01448-JMC, pending in the United States District Court for the District of South Carolina.

J.     "Rodarte Action" shall mean and refer to the action titled *Paul Rodarte v. Bojangles' Restaurants, Inc. and Bojangles', Inc.*, No. 3:19-CV-121-HSM-HBG, pending in the United States District Court for the Eastern District of Tennessee.

K.     "Plaintiffs' Counsel" shall mean the firms of Jackson, Shields, Yeiser & Holt and Gibbons Leis PLLC.

L.     "Defendants" shall mean and refer to Defendants Bojangles' Restaurants, Inc. and Bojangles', Inc.

M.     "Defendants' Counsel" shall mean the firm of Robinson, Bradshaw & Hinson, P.A.

N.     "Settlement Agreement" shall mean and refer to the terms of settlement of the Action, which are embodied in this document.

4

O.       "Released Parties" shall mean and refer to Defendants Bojangles' Restaurants, Inc. and Bojangles', Inc., and each of their present and former officers, directors, employees, agents, attorneys, predecessors, successors, assigns, shareholders, parents, subsidiaries, and affiliated entities, and their representatives, principals, trustees, executors, insurers, investors, beneficiaries, devisees, guardians, heirs, and all other persons, firms, corporations, divisions, associations, limited liability companies, and/or partnerships associated therewith or related thereto.

## 2.       SETTLEMENT PAYMENTS

### 2.1      Settlement Amount.

A.       In consideration for the actions and releases described in this Settlement Agreement, the total sum of Three Hundred Seventy-Five Thousand ($375,000) (the "Settlement Amount") shall be paid by Bojangles' Restaurants, Inc. to resolve the Action, the claims of the Named Plaintiffs, the Opt-in Plaintiffs, Settlement Opt-in Plaintiffs and for the Released Claims (as defined in Section 3, *infra*). The Settlement Amount includes all amounts to be paid by Defendants to resolve the claims described herein, including payments to Eligible Opt-In Plaintiffs and payments for the attorneys' fees, costs and expenses of Plaintiffs' Counsel, including those incurred in documenting and administering the settlement, securing trial and appellate court approval of the settlement, and ensuring that the settlement is fairly administered.

B.       In the event that this Settlement Agreement is voided under Section 8, *infra*, the full Settlement Amount shall revert to Bojangles' Restaurants, Inc., and Plaintiffs and the Released Parties shall be restored with all rights that they possessed prior to the execution of this Settlement Agreement.

**2.2**     <u>**Settlement Payments for Attorneys' Fees and Costs.**</u>

A.     One Hundred Twenty Thousand Dollars ($120,000) of the Settlement Amount is allocated for Plaintiffs' Counsel's attorneys' fees and an additional Sixty-Five Thousand Dollars ($65,000) will be allocated for Plaintiffs' Counsel's costs. In addition, Bojangles' Restaurants, Inc. will pay the entire fee of the mediator, Carl Horn III. Except as provided in this Settlement Agreement, each Party shall be solely responsible for his, her or its own attorneys' fees and costs in connection with the Action.

B.     Bojangles' Restaurants, Inc. will pay the amounts set forth in Section 2.2.A to Plaintiffs' Counsel within forty-five (45) days after the Settlement Effective Date (as defined in Section 6.H, *infra*) or thirty (30) days after Plaintiffs' Counsel has provided Defendants' Counsel the IRS Form W-9 necessary to process such payments, whichever is later.

C.     If the Court does not approve any portion of the attorneys' fees and costs set forth above, such funds that are not approved shall be reallocated to the Eligible Opt-In Plaintiffs on the same basis as the original allocations set forth in Section 2.3.A, *infra*.

**2.3**     <u>**Settlement Payments to Plaintiffs.**</u>

A.     The Settlement Amount minus the amounts allocated for Plaintiffs' Counsel's attorneys' fees and costs will be allocated by Plaintiffs' Counsel among the Eligible Opt-In Plaintiffs based on factors including: (1) his/her dates of employment; (2) his/or her "regular rate" of pay calculated based on salary information from Defendants' records; (3) the hours that he/she reported working during the relevant time period; and (4) his/her service in this Action, if any. Plaintiffs' Counsel shall inform Defendants of these allocations within the time periods set forth herein.

B.	The receipt of settlement payments will not entitle any Eligible Opt-In Plaintiff to additional compensation or benefits under any bonus, incentive, compensation, retirement, 401(k) benefit, matching benefit, deferred compensation plan or program (notwithstanding any contrary language or agreement in any benefit or compensation plan document) or otherwise.

C.	Bojangles' Restaurants, Inc. shall withhold all applicable federal, state and local income and employment taxes required to be withheld, and cause the appropriate deposits of withholding taxes and informational and other tax return filings to occur. Each Eligible Opt-In Plaintiff's share of applicable federal, state and local income and employment taxes withheld from his or her wage payment and deposited with the applicable governmental authorities shall be a part of, and paid out of, and shall not be in addition to, the Settlement Amount, except that the employer's share of the FICA, Medicare, OASDI and any state taxes shall be in addition to the Settlement Amount.

D.	Each Eligible Opt-In Plaintiff will be solely responsible for all taxes, interest and penalties due with respect to the payments (other than taxes specified in Section 2.3.C, *supra*) and will indemnify, defend and hold Defendants harmless from and against any and all taxes, interest, penalties, attorneys' fees and other costs imposed on Defendants as a result of his or her failure to pay such taxes.

E.	Settlement payments to the Eligible Opt-In Plaintiffs shall be reported on an IRS Form W-2.

F.	Each Eligible Opt-In Plaintiff will be required to provide a completed Individual Release Agreement, the form of which is attached hereto as Exhibit C, and an IRS Form W-9 in order to receive his or her allocated amount.

G.    Bojangles' Restaurants, Inc. will pay each Eligible Opt-In Plaintiff his or her allocated amount as set provided in this Section 2.3 within forty-five (45) days after the Settlement Effective Date by sending checks for such payments to Plaintiffs via first class mail at the addresses provided by Plaintiffs' counsel.  Checks returned as undeliverable shall be forwarded promptly to Plaintiffs' counsel for delivery or other disposition.

## 3. RELEASE

A.    Each of the Eligible Opt-In Plaintiffs, except any Rejecters (as defined in Section 6.D, *infra*), shall be deemed to have irrevocably and fully and unconditionally waived and released all Released Claims (as defined in Section 3.B, *infra*) against the Released Parties (as defined in Section 1.O, *supra*) as of the Settlement Effective Date. This release is intended to and shall be effective as a release of and bar to all Released Claims, including claims that the Eligible Opt-In Plaintiff knows about or suspects, as well as claims that the Eligible Opt-In Plaintiff does not know about or does not suspect. The Eligible Opt-In Plaintiffs shall be deemed to understand the significance of this release of unknown and unsuspected claims and their waiver of any statutory protection against a release of unknown and/or unsuspected claims. The Eligible Opt-In Plaintiffs expressly waive all rights afforded by any statute, regulation or ordinance which limits the effect of a release with respect to unknown or unsuspected claims. In connection with the foregoing, the Eligible Opt-In Plaintiffs shall be deemed to acknowledge, agree, represent and warrant to the Released Parties, and each of them, that there was a genuine, reasonable and good faith dispute between the Eligible Opt-In Plaintiffs and the Released Parties with respect to whether the Eligible Opt-In Plaintiffs were or have been fully and properly paid for all time worked in accordance with federal, state and local laws at all times relevant to this Action.

B.      "Released Claims" means any and all claims against any of the Released Parties related to the subject matter of the Action, including without limitation all claims that were or could have been asserted in the Action arising from or relating to the factual allegations of the operative complaint, all claims for unpaid wages or overtime pay, and all claims for any alleged violation of federal, state or local wage and hour or wage payment statute, regulation or ordinance, including all claims for attorneys' fees or costs, based on events that occurred or are alleged to have occurred at any time through the date the Eligible Opt-In Plaintiff signs the Individual Release Agreement.

C.      Notwithstanding any provision to the contrary, Eligible Opt-In Plaintiffs who receive additional allocation of the Settlement Amount because of his/her service in this Action, if any, shall execute a full and complete release of all claims in favor of the Released Parties and shall be deemed to have fully and completely released the Released Parties for all claims relating to or arising from the individuals' employment with Bojangles' Restaurants, Inc. that occurred or are alleged to have occurred at any time through the date the individual signs the Complete Release Agreement.  A copy of the Complete Release Agreement is attached hereto as Exhibit D.

## 4.      NO ADMISSION OF LIABILITY, INADMISSIBILITY OF THIS AGREEMENT

A.      Nothing contained in this Settlement Agreement shall be construed as or deemed an admission of liability, damages, culpability, negligence, or wrongdoing on the part of the Released Parties. Defendants, for themselves and the Released Parties, deny any liability or wrongdoing of any kind associated with the claims alleged and the allegations contained in the Action.

B.     This Settlement Agreement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce its terms.

## 5.     REASONABLE COMPROMISE OF *BONA FIDE* DISPUTE

The parties agree that the terms of this Settlement Agreement represent a reasonable compromise of disputed issues, including the propriety of treatment as a collective action and as *bona fide* dispute over wages allegedly owing under the FLSA, and agree to represent the same to the Court. The parties further agree that the settlement is a fair, reasonable and adequate resolution of the Eligible Opt-In Plaintiffs' claims.

## 6.     PROCEDURAL STEPS TO EFFECTUATE SETTLEMENT

A.     Upon execution of this Settlement Agreement, the Parties will file a joint motion for approval of the settlement.  In such motion, the Parties shall ask the Court: (1) to grant approval of the settlement; (2) to retain jurisdiction for the purposes of allowing the Parties their right to exercise its right to void the Settlement Agreement set forth in Sections 6.F and 8, *infra*, and (3) otherwise to interpret and enforce this settlement after the Settlement Effective Date.

B.     If the Court grants approval of the settlement, Plaintiffs' Counsel will send notice of the settlement to each of the Eligible Opt-In Plaintiffs within fifteen (15) days of notice of such approval and will inform Defendants' Counsel of the date on which such notice is sent and will provide Defendants' Counsel a copy of the same.  The notice may be sent by mail and/or email. The notice shall describe the settlement generally and identify the maximum amount allocated to the Eligible Opt-In Plaintiff to whom it is sent. The notice will also explain that the fully completed Individual Release Agreement and IRS Form W-9 must be received by Plaintiffs' Counsel within forty-five (45) days from the date on which the notice is mailed to the Eligible Opt-In Plaintiff.

Plaintiffs' Counsel will recommend to each Eligible Opt-In Plaintiff that he or she sign and return the Individual Release Agreement and IRS Form W-9 within the agreed forty-five (45) day time frame, except to the extent that doing so would be contrary to Plaintiffs' Counsel's ethical obligations. Plaintiffs' Counsel will also inform the Ineligible Opt-In Plaintiffs (as defined in Section 1.F, *supra*) why they do not fall within the definition of the Collective approved by the Court and, thus, have no potential claim in this Action.

C.     If an Eligible Opt-In Plaintiff does not return the Individual Release Agreement and IRS Form W-9 within forty-five (45) days from the date on which the notice is first transmitted, he or she will be considered a "Non-Responder." A Non-Responder will be considered to have failed to prosecute his or her potential claim in this Action, and the claim will be dismissed with prejudice in conjunction with the Court's approval of the settlement. The portion of the Settlement Amount initially allocated to any Non-Responder shall be reallocated to the Eligible Opt-In Plaintiffs who do return the Individual Release Agreement and IRS Form W-9 within forty-five (45) days from the date on which the notice is mailed on the same basis as the original allocations set forth in Section 2.3.A, *supra*. In the event that such reallocation is necessary, Plaintiffs' Counsel will provide the Defendants' Counsel the revised allocations at the same time it provides Defendants' Counsel the documents and information identified in Section 6.E, *infra*.

D.     An Eligible Opt-In Plaintiff may reject the Settlement Agreement by submitting a written rejection which must be received by Plaintiffs' Counsel within forty-five (45) days after the date on which the notice is first transmitted. Any such Eligible Opt-In Plaintiff will be considered a "Rejecter."  In the event Defendants do not exercise their right to void the Settlement Agreement due to the existence of a Rejecter as permitted by Section 6.F, *infra*, the Rejecter's claim will be dismissed without prejudice in conjunction with the Court's final approval of the

settlement and the statute of limitations will be tolled for thirty (30) days. The portion of the Settlement Amount initially allocated to a Rejecter shall not be reallocated amongst the Eligible Opt-In Plaintiffs. Instead, Defendants will retain these funds, as well as a proportional share of the attorneys' fees.

E.     Within ten (10) days after the deadline for Eligible Opt-In Plaintiffs to return the Individual Release Agreement and IRS Form W-9, Plaintiffs' Counsel will provide Defendant's Counsel the Individual Release Agreements and IRS Form W-9s, a list of any Rejecters and Non-Responders, and the complete allocation of Settlement Payments to be made to the Eligible Opt-In Plaintiffs who will participate in the settlement.

F.     In the event there are more than ten (10) Rejecters, Defendants have the right to void the Settlement Agreement by sending written notice of their election to do so to Plaintiffs' Counsel and by filing a notice with the Court of their election to void the Settlement Agreement within fifteen (15) business days after Defendant's Counsel's receipt of the documents and information identified in Section 6.E, *supra* (the "Deadline to Void").

G.     If there are ten (10) or fewer Rejecters or if Defendants choose not to exercise their right to void the Settlement Agreement, the Settlement Agreement shall be deemed to have been finally approved by the Court and the Parties shall stipulate to the dismissal of the Action in its entirety with prejudice as to the claims of all Plaintiffs, except for the claims of the Rejecters (if any), which the Parties shall stipulate to be dismissed without prejudice.

H.     The "Settlement Effective Date" shall be the first business day following the Deadline to Void after which Defendants have declined to void or withdraw their notice of intention to void the settlement pursuant to Section 6.E, *supra*.

I.      Within ten (10) days of the Settlement Effective Date, the Parties shall file the stipulation of dismissal in the Action described in Section 6.G, *supra*, and stipulations of voluntary dismissal with prejudice of the Hannon Action and the Rodarte Action in the respective courts where such actions are pending.

## 7.      MUTUAL FULL COOPERATION

A.      Counsel for the Parties agree to and shall use their best efforts to fully cooperate with each other to take all actions reasonably necessary to implement the terms of this Settlement Agreement.

B.      Counsel for the Parties agree, within the boundaries of applicable ethical rules, that they will not attempt, directly or indirectly, to encourage any Eligible Opt-In Plaintiff to be a Non-Responder or a Rejecter.

## 8.      VOIDING THE AGREEMENT

A.      If this Settlement Agreement is terminated as provided in Section 6.F, *supra*, or as provided below, then this Settlement Agreement shall be deemed null and void, of no force and effect, inadmissible as evidence and of no probative value, and the parties hereto represent, warrant, and covenant that it will not be used or referred to for any purpose whatsoever.

B.      The Parties shall have the right to terminate this Settlement Agreement by providing written notice of their election to do so to counsel for the other Parties within ten (10) business days after the Court refuses to grant approval of the Settlement Agreement in all material respects, except that the Court's reduction of the portion of the Settlement Amount allocated for

Plaintiffs' Counsel's attorneys' fees or costs shall not be a basis for terminating the Settlement Agreement.

## 9. NO STATEMENTS TO THE MEDIA; CONFIDENTIALITY

Plaintiffs, Plaintiffs' Counsel, Defendant, and Defendants' Counsel shall not, directly or indirectly, on their own or through a third party, make any statement, publish any statement, or issue any communication, written or otherwise to or in the media, including but not limited to, print, television, radio, electronic social media, and the internet, that refers to this Settlement Agreement or Plaintiffs' claims in the Action, or that discloses or communicates the settlement payment (including the individual allocations thereof) or other terms of this Settlement Agreement. If Plaintiffs, Defendants, Plaintiffs' Counsel, or Defendants' Counsel receives any question or inquiry from the media about Plaintiffs' claims in the Action, they will only state "the claims have been resolved," and say nothing more. Nothing in this paragraph shall prohibit Plaintiffs' Counsel or Defendants' Counsel from making truthful representations to judicial or governmental bodies regarding the Action or the resolution of the Action.

## 10. MISCELLANEOUS

A.     This Settlement Agreement shall be governed by and construed in accordance with federal law and the law of the State of North Carolina, without regard to its choice of law principles, to the extent federal law does not apply.

B.     The Parties agree that the terms and conditions of this Settlement Agreement are the result of lengthy and intensive arms-length negotiations between the Parties and that this Settlement Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his, her or its counsel participated in the drafting of this Settlement Agreement. The Parties request that before declaring any provision of this Settlement Agreement

unenforceable, the Court shall first attempt to construe all provisions valid to the fullest extent possible consistent with applicable precedents and the intent expressed in this Settlement Agreement.

C.      This Settlement Agreement may not be changed, altered, or modified, except in writing and signed by counsel for the Parties. This Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by counsel for the Parties and approved by the Court.

D.      This Settlement Agreement contains the entire agreement between the Parties relating to the settlement of the Eligible Opt-In Plaintiffs' claims and the dismissal of the Action, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel are merged in this Settlement Agreement.

E.      This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

F.      This Settlement Agreement may be executed in counterparts, and when counsel have signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement. This Settlement Agreement may be executed by facsimile signatures or email, which shall be deemed to be originals.

G.      Section titles or captions contained in this Settlement Agreement are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement Agreement or any of its provisions.

IT IS SO AGREED.

*Signature Page to Settlement Agreement*

_____
Attorneys for Plaintiffs Barbara Thaxton and
Angela Mayes and conditionally certified
collective

_____
Attorneys for Angela Fuller

_____
Attorneys for Plaintiff Paul Rodarte

*Laura Roberts*
Bojangles' Restaurants, Inc.
Vice President, General Counsel

_____
Attorneys for Plaintiff Ricky Alan Hannon

*Laura Roberts*
Bojangles', Inc.
Vice President, General Counsel

16

*Signature Page to Settlement Agreement*

_____
Attorneys for Plaintiffs Barbara Thaxton and
Angela Mayes and conditionally certified
collective

_____
Attorneys for Angela Fuller

_____
Attorneys for Plaintiff Paul Rodarte

_____
Bojangles' Restaurants, Inc.
Vice President, General Counsel

_____
Attorneys for Plaintiff Ricky Alan Hannon

_____
Bojangles', Inc.
Vice President, General Counsel

17

# EXHIBIT A

Adair, Mitchell
Alexander, Robert
Alhindi, Heather
Allen, Khadijah
Alston, Melissa
Alston, Yutosha
Anderson, Mary
Anderson, Paul
Andrews, Nancy
Andrews, Tiana
Annas, Cathryn
Anthony, Neischelle
Augusta, Lavonette
Autry, Adrienne
Avery, Rebecca
Bagley, Arthenia
Baisten, Donica
Barr Smith, Sherika
Barrino, Ronn
Bartley, Sheena
Bates, Walter
Beahm, Chasity
Beasley, Kirstie
Bell, Amy
Bettis, Tina
Black, Emily
Black, Jasmine
Blackwell, Taylor
Blake, Edie
Blankenship, Michael
Bogel, Chelsie
Bonetti, Melissa
Borden, Christopher
Bouley, Brittany
Bracey, Thaddeus
Bridge, Jacob
Britt, Shannon
Bronson, Dennis
Brooks, Melissa
Brown, Bobby
Brown, Brian
Brown, Dawn
Brown, Latoya
Brown, Roger

Browne-Fortune, Tishani
Brumfield, Elizabeth
Bryant, Sophia
Burress, Holly
Burroughs, Della
Burton, Lakeychee
Butler, Lauren
Butler, Nicholas
Callahan, Christopher
Campbell, Shantel
Cannon, Lorena
Carpenter, Sandra
Carson, Freddale
Case, Patience
Castrejon, Rogelio
Cates, Heather
Cates, Kim
Cates, Summer
Chambers, Marsha
Chambers, Tawanda
Charlton, Deron
Christy, Shane
Cisneros, Britteny
Clark, Antwon
Clark, Juston
Clark, Kelly
Clark, Sandra
Clark, Tyler
Claven, Kevin
Clear, Aimee
Clements-Bey, Tishaun
Cockerham, Ray
Cofield, Rashad
Colbert, Clifton
Colter, Denise
Colwell, Robert
Conner, Deborah
Cook, Ashley
Cook, Joshua
Cooper, Krescent
Cope, Christina
Cotter, Erica
Coulange, Eugene
Creason, Chris

Cunningham, Lucille
Currie, Ashley
Curtis, Melissa
Daniels, Russell
Davis, Stephanie
Day, Jason
Deveaux, Marsha
Deweese, Melissa
Dixson, Arthur
Douglas, Bonita
Downey, Robert
Driouchi, Mustapha
Driver, Mary
Duncan, Melanie
Dupre, Annette
Durham, Laura
Dye, Sheyenne
Dykes, Sarah
Eason, Kayla
Eddings, Yvonne
Edwards, Kenneth
Elliott, Rashard
Erby, Wilkesha
Ervin, Kasandra
Eudy, Joseph
Ezzell, Mialy
Fauteux, Tammy
Favor, Thomaselle
Feaster, Kattah
Fisher, Cory
Flanary, Melissa
Fleming, Jackie
Flint, Angela
Floyd, Catherine
Ford, Chanelle
Forster, Michael
Fox, Walter
Frye, Erica
Gallahar, Connie
Garcia, Melissa
Gardin, Monique
Garrett, Simone
Gary, Rhonda
Gary, Tiffany

Genaway, Kasey
Gibbs, Verikida
Glossin, Tonya
Golden, Geneva
Goodson, Christy
Graham, James
Green, Terena
Green, Tyisha
Greene, Jessica
Greenwood, Shawn
Grice, ShaMeea
Griffin, Jimmy
Griffith, Michael
Guyton, Sheyanne
Gymer, Robin
Haddon, Kizzy
Hall, Josh
Hall, Kira
Hall, Preston
Hallingquest, Teresa
Harbin, Brandi
Harness, Stephanie
Harris, Theresa
Harrison, Alshane
Hasty, Misty
Hawkins, Brittany
Hawkins, Toni
Hayes, Jennifer
Hayes, Kim
Haynes, Kimberly
Henderson, Dorothy
Hensley, William
Hicks, April
Hickson, Clint
Higgs, Tori
Hilton, Jennifer
Hinson, Donna
Holland, Alicia
Holland, Helen
Holland, James
Holt, Ronetta
Holtcamp, Barry
Hoover, Lindsay
Hopkins, Stephanie
Horton, Lafontrease
Houser, LaKaisha

Howard, Claretha
Hren, Curtis
Hroszowy, Sarah
Hunt (Matthews), Melissa
Hunt, Sharon
Hunter III, William
Huntley, Melissa
Hutchins, Perry
Innocent, Latoya
Isler, Cleo
Jackson, Allison
Jackson, Bryan
Jackson, Milton
Jackson, Orlando
Jacobson, Jared
Jarose, Kathy
Jarvis, Joseph
Jennings, Calvin
Johnson, Brenda
Johnson, Eboney
Johnson, Hope
Johnson, Melvis
Johnson, Samuel
Johnson, Teresa
Jones, Deanna
Jones, Patricia
Jones, Sameerah
Jones, Sonya
Jones, Steven
Jordan, Ebony
June, Calvin
Kay, Shawn
Kelly, Nichelle
Kendall, Winston
Kiker, Tammy
Kincaid, Tiffany
King, Alicia
King, Constance
King, Kyle
Kirby, Jordan
Kirkley, Richard
Knight, Amanda
Kopp (Edwards), Crystal
Kuehne, Mary
Kyser, Brian
Laney, Andrew

Lasalle, Felicia
Lawton, Patricia
Lee, Quantina
Legg, Michelle
LeSeure, Jessica
Lewis, Ketjuan
Light, Chelsea
Lilley, Donna
Liner, Cynthia
Liza, Sandra
Locklear, Dana
Locklear, Janice
Longwell, Aaron
Lopez, Luiz
Lorinsky, Karen
Lowry, Shannon
Lyons, Cara
Mack, Kelvin
Mackey, Cartina
Magazine, Sheila
Malone, Mariah
Mann, John
Manning, Barry
Marlowe, Chad
Martin, Audrey
Martin, Gail
Martin, Gary
Martin, Jonathan
Martinez, Jessica
Mathis, Reginal
Matton, Maureen
Mayes, Angela
McClease, Kimberly
McClinton, Taitionia
McCullough, Katrina
McCune, Brittany
McDonald, Brittany
McDowell, Datavia
McGee, Stacy
McGregor, Cassandra
McIntire, Matthew
McIntyre, Gwendolyn
McIver, Tiana
McMullen, Mason
McQueen, Teresa
Means, Linell

Meeks, Christy
Mickens, Jasmine
Middleton, Kiyanna
Midgette, Sandra
Miller, Ciara
Miller, Nathan
Moore, Christina
Moore, Erika
Moore, Paula
Mott, Sarah
Najieb, Tarina
Nakahira, Akihiro
Nesbitt, Yakima
Norman (Harmon), Ralph
Ochoa, Jenny
Parker, Shaniqua
Parry, Brittany
Patterson, Alicia
Pennix, Anita
Perez, Yosdenys
Phillips, Elizabeth
Phillips, Heather
Phillips, Karnel
Pope, Priscilla
Porter, Michael
Prejean, Charmaine
Price, Bonnie
Price, Christopher
Price, William
Provence, Kaylan
Puntillo, Dawn
Rabbeth, Charles
Raisch, Alex
Ransdell, Robin
Rawls, Shavon
Reid, Andrew
Richard, Tyler
Robbins, Raymond

Robinson, Elizabeth
Robinson, Ryan
Rodrigues, Andre
Rodriguez, Santiago
Romero, Francesca
Rouson, Stephanie
Rowell, Irene
Saunders, Kiara
Shanklin, Mark Anthony
Sheldon, Jeffrey
Shields, Darrell
Shumpert, Kimberly
Sims, Taneisha
Sinclair, Alonso
Sinkler, Ashley
Skinner, Myron
Slaughter, Taharka
Smith, Darla
Smith, Taneisha
Smith, William
Sokolowski, Thomas
Spencer, Autumn
Spencer, Robert
Stafford, Candy
Stanley, Dahjaney
Stevens, Silas
Stoddard, Guy
Stokes, Elisha
Stovall, Cornelius
Sumner, Kia
Sutherland, Barry
Taylor, Janna
Teague, Karmin
Teeter, Jennifer
Thackston, Jeffrey
Thaxton, Barbara
Thomas, Brandi
Thomas, Joel

Tobias, Joy
Tolleson, Josh
Turner, Angela
Turner, Tony
Tyler, Latoya
Wakefield, Tamileo
Wakefield, Teleisha
Walker, Joletha
Walker, Paulette
Walker, Sean
Walker, Timothy
Wallace, Cheryl
Warren, Christopher
Washington, Juanita
Washington-Vernon, Kevin
Waugh, Austin
Webb, Patricia
Webster, Heather
Weiss, Chloe
Wells, Dale
Wells, Dwight
Wheeler, Michelle
Wheeler, Nat'Lee
Whisenant, Brandy
White, Kalynn
White, Lisa
Whitener, Matthew
Whitfield, Phillip
Williams, Julius
Willis, Angela
Wright, Greg
Wynn, Mary
Young, Donna
Young, Spencer
Zatarain, Lola
Zinibi, Jennifer

# EXHIBIT B

Beverly, Charlene
Bowman, Jessica
Drolson, Nancy
Eder, Thomas
Hailey, Jessica
Jones, Vickie
McNair, Courtney
Moon, Kevin
Royals, Rebeka
Smith, Starkesha
Tarantino, Cheryl
Turner, Amanda

# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:18-CV-00665-FDW-DCK

BARBARA THAXTON AND ANGELA D.
MAYES, Individually and on behalf of
themselves and all other similarly situated
current and former employees,

        Plaintiffs,

    v.

BOJANGLES' RESTAURANTS, INC., a
Delaware Corporation, and
BOJANGLES', INC., a Delaware
Corporation,

        Defendants.

## INDIVIDUAL RELEASE AGREEMENT

Pursuant to the Settlement Agreement signed by counsel for the Plaintiffs and Defendants Bojangles' Restaurants, Inc. and Bojangles', Inc. on September __, 2019 and as approved by the Court on _____, 2019, I, [NAME], hereby agree as follows.

1. <u>Payment.</u> I will accept not less than _____("my individual allocation") in full and final settlement of all claims that were asserted or could have been asserted in the above-captioned case (the "Action"). My individual allocation shall be considered to be back pay, which will be subject to deductions for federal and state taxes and other required withholdings and will be reported by Bojangles' Restaurants, Inc. as wage income on an IRS W-2 form. I understand that I am responsible for all taxes, interest and penalties due with respect to the payments (other than employer taxes). I understand that my individual allocation may increase, but will not decrease. I further understand that the total settlement amount in this matter is $375,000, and that Plaintiffs' Counsel will be receiving $120,000 in attorneys' fees and $65,000 in costs, to be paid out of the $375,000 settlement amount.

2. <u>Dismissal.</u> I consent to the dismissal of my claims in the Action, with prejudice. However, I understand that the Settlement Agreement is subject to court approval and that Defendants have the right to cancel the Settlement Agreement.

3. <u>Release.</u> I agree to release any and all claims that I may have against any of the Released Parties (defined below) related to the subject matter of the Action, including without limitation all claims that were or could have been asserted in the Action arising from or relating

to the factual allegations of the operative complaint, all claims for unpaid wages or overtime pay, and all claims for any alleged violation of federal, state or local wage and hour or wage payment statute, regulation or ordinance, including all claims for attorneys' fees or costs, based on events that occurred or are alleged to have occurred at any time through the date I sign this Individual Release Agreement.

"Released Parties" shall mean and refer to Defendants Bojangles' Restaurants, Inc. and Bojangles', Inc., and each of their present and former officers, directors, employees, agents, attorneys, predecessors, successors, assigns, shareholders, parents, subsidiaries, and affiliated entities, and their representatives, principals, trustees, executors, insurers, investors, beneficiaries, devisees, guardians, heirs, and all other persons, firms, corporations, divisions, associations, limited liability companies, and/or partnerships associated therewith or related thereto.

4. Confidentiality. I agree that I will not make any statement, publish any statement, or issue any communication, written or otherwise, whether directly or indirectly, on my own or through a third party, to or in the media, including but not limited to, print, television, radio, electronic social media and the internet, that refers to the claims in the Action or this settlement thereof. If I receive any question or inquiry from the media about the Action or settlement, I may only state "the claims have been resolved," and say nothing more.

5. Knowing and Voluntary Agreement. I represent that I have been fully and fairly advised as to the terms of the Collective Settlement Agreement and this Individual Release Agreement, that I have had an opportunity to discuss those terms with my attorneys, that I have been given ample time to consider my decision and am acting of my own free will, and that I understand and agree that I am bound by the terms of the Collective Settlement Agreement and this Individual Release Agreement.

**WHEREFORE**, intending to be legally bound and by my signatures below, I acknowledge that there exist no other promises, representations or agreements relating to this Individual Release Agreement except as specifically set forth herein, and I knowingly and voluntarily enter into this Individual Release Agreement with a full understanding of its contents.

_____        DATE: _____
[Name]

# EXHIBIT D

BARBARA THAXTON AND ANGELA D.
MAYES, Individually and on behalf of
themselves and all other similarly situated
current and former employees,

        Plaintiffs,

  v.

BOJANGLES' RESTAURANTS, INC., a
Delaware Corporation, and
BOJANGLES', INC., a Delaware
Corporation,

        Defendants.

## COMPLETE RELEASE AGREEMENT

Pursuant to the Settlement Agreement signed by counsel for the Plaintiffs and Defendants Bojangles' Restaurants, Inc. and Bojangles', Inc. on September __, 2019 and as approved by the Court on _____, 2019, I, [NAME], hereby agree as follows.

1. <u>Payment.</u> I will accept not less than _____("my individual allocation") in full and final settlement of all claims that were asserted or could have been asserted in the above-captioned case (the "Action"). My individual allocation shall be considered to be back pay, which will be subject to deductions for federal and state taxes and other required withholdings and will be reported by Bojangles' Restaurants, Inc. as wage income on an IRS W-2 form. I understand that I am responsible for all taxes, interest and penalties due with respect to the payments (other than employer taxes). I understand that my individual allocation may increase, but will not decrease. I further understand that the total settlement amount in this matter is $375,000, and that Plaintiffs' Counsel will be receiving $120,000 in attorneys' fees and $65,000 in costs, to be paid out of the $375,000 settlement amount.

2. <u>Dismissal.</u> I consent to the dismissal of my claims in the Action, with prejudice. However, I understand that the Settlement Agreement is subject to court approval and that Defendants have the right to cancel the Settlement Agreement.

3. <u>Release.</u> I agree to release any and all claims that I may have against any of the Released Parties (defined below) relating to, regarding or arising from your employment with Bojangles' Restaurants, Inc. or the termination thereof, including without limitation all claims

that were or could have been asserted in the Action arising from or relating to the factual allegations of the operative complaint, all claims for unpaid wages or overtime pay, and all claims for any alleged violation of any federal, state or local wage and hour or wage payment statute, regulation or ordinance, including all claims for attorneys' fees or costs, based on events that occurred or are alleged to have occurred at any time through the date I sign this Individual Release Agreement. You understand that this release is broad and covers any claims or rights under any state and federal law

"Released Parties" shall mean and refer to Defendants Bojangles' Restaurants, Inc. and Bojangles', Inc. predecessors, successors, assigns, shareholders, parents, subsidiaries, and affiliated entities, and their representatives, principals, trustees, executors, insurers, investors, beneficiaries, devisees, guardians, heirs, and all other persons, firms, corporations, divisions, associations, limited liability companies, and/or partnerships associated therewith or related thereto.

4. <u>Confidentiality.</u> I agree that I will not make any statement, publish any statement, or issue any communication, written or otherwise, whether directly or indirectly, on my own or through a third party, to or in the media, including but not limited to, print, television, radio and the internet, that refers to the claims in the Action or this settlement thereof. If I receive any question or inquiry from the media about the Action or settlement, I may only state "the claims have been resolved," and say nothing more.

5. <u>Knowing and Voluntary Agreement.</u> I represent that I have been fully and fairly advised as to the terms of the Collective Settlement Agreement and this Individual Release Agreement, that I have had an opportunity to discuss those terms with my attorneys, that I have been given ample time to consider my decision and am acting of my own free will, and that I understand and agree that I am bound by the terms of the Collective Settlement Agreement and this Individual Release Agreement.

**WHEREFORE**, intending to be legally bound and by my signatures below, I acknowledge that there exist no other promises, representations or agreements relating to this Individual Release Agreement except as specifically set forth herein, and I knowingly and voluntarily enter into this Individual Release Agreement with a full understanding of its contents.


_____          DATE: _____
[Name]


12491847