# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO: 3:18-CV-00665-MOC-DCK

| | |
|---|---|
| BARBARA THAXTON and ANGELA MAYES, Individually, and on the behalf of all similarly Situated current and former employees, Plaintiffs, vs. BOJANGLES' RESTAURANTS, INC. and BOJANGLES', INC., Defendants. | ORDER |

**THIS MATTER** is before the Court on the parties' Joint Motion for Settlement Approval of this FLSA Collective Action. (Doc. No. 178). Having considered the motion and the proposed Settlement Agreement (Doc. No. 178-1), the Court enters the following Order.

The Fair Labor Standards Act ("FLSA") was enacted to protect workers from the substandard wages and grueling hours. See Quevedo v. HBJ, Inc., 14-cv-734, 2014 WL 3970173, at *2 (D. Md. Aug. 13, 2014). To that end, the FLSA protections are generally not waivable by contract or otherwise. See Lynn's Food Stores v. United States, 679 F.2d 1350, 1352 (11th Cir. 1982). If such provisions could be waived, this would "'nullify the purposes' of the statute and thwart the legislative policies [the FLSA] was designed to effectuate." Barrentine v. Arkansas-Best Freight Sys., Inc., 450 U.S. 728, 740 (1981).

Lawsuit settlements are an exception to the general rule of non-waiver because they are "more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." Lynn's Food Stores, 679 F.2d at 1354. Still, before approval, the Court must ensure the settlement is a fair and reasonable resolution of a

"a bona fide dispute between the parties with respect to coverage or amount due." Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 703 (1945). To decide whether there is a bona fide dispute, courts consider: "(1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees." Duprey v. Scotts Co. LLC, 30 F. Supp. 3d 404, 408 (D. Md. 2014) (citing Lynn's Food Stores, 679 F.2d at 1355).

Under the Fair Labor Standards Act, a prevailing plaintiff is entitled to reasonable attorneys' fees and costs. See 29 U.S.C. § 216(b). Still, the reasonableness of such a fee is left to the sound discretion of the Court. See Burnley v. Short, 730 F.2d 136, 141 (4th Cir. 1984). As such, the plaintiff must submit adequate documentation for the Court to assess reasonableness. Cf. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

When evaluating the reasonableness of an attorneys' fee, the Fourth Circuit adheres to Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). See Burnley, 730 F.2d at 141. Johnson provides twelve factors that "must be considered by district courts in this circuit in arriving at a determination of reasonable attorneys' fees." Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 (4th Cir. 1978). "These include: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar

cases." Id. at 226 n.28.

In the proposed settlement, the parties propose awarding Plaintiffs' counsel with $120,000 in attorneys' fees and an additional $65,000 in costs. (Doc. No. 178-1 at 7). In support, Plaintiffs' counsel declared that they produced nearly 400 questionnaires, responded to more than 300 interrogatories, produced more than 35,000 pages of documents, and deposed 35 witnesses. (Doc. Nos. 178 at 2, 179 at 6–10). Also, they indicated they have more than "30 years' experience practicing law and regularly represent[] employees asserting claims under the FLSA." (Doc No. 178 at 4). Still, counsel failed to articulate which attorneys worked on this case, the number of hours they worked, and their hourly rates. Cf. Hensley, 461 U.S. at 433 ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."). Counsel likewise failed to provide the Court with any basis to assess the reasonableness of their rates and accompanying costs. Thus, the Court will order Plaintiffs' counsel to supplement the record so that the Court may assess the reasonableness of attorneys' fees and costs. See, e.g., Quevedo, 2014 WL 3970173, at *5.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiffs will supplement the record with evidence demonstrating the reasonableness of attorneys' fees and costs. The parties' Joint Motion for Settlement Approval of this FLSA Collective Action (Doc. No. 178) will be **HELD IN ABEYANCE** pending that submission.

Signed: October 18, 2019



Max O. Cogburn Jr
United States District Judge